UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FAITH TOWNSEND,                                    )          Case No. 1:21-cv-02226
                                                   )
            Plaintiff,                             )          Judge J. Philip Calabrese
                                                   )
v.                                                 )          Magistrate Judge Thomas M. Parker
                                                   )
ROCKWELL AUTOMATION, INC.,                         )
                                                   )
            Defendant.                             )
                                                   )

## OPINION AND ORDER

On November 22, 2021, *pro se* Plaintiff Faith Townsend filed a complaint against Defendant Rockwell Automation, Inc.  (ECF No. 1.)  Plaintiff alleges that Defendant discriminated against her based on sex and race in violation of Title VII of the Civil Rights Act of 1964.  Defendant moves to dismiss for failure to state a claim.  (ECF No. 3.)  In response, Plaintiff opposes (ECF No. 6) and seeks to amend her complaint (ECF No. 7).  For the reasons that follow, the Court **GRANTS** Plaintiff's motion to amend (ECF No. 7) and Defendant's motion to dismiss (ECF No. 3).

## FACTUAL AND PROCEDURAL BACKGROUND

Taking the facts alleged in the complaint as true and construing them in Plaintiff's favor, as the Court must on the motion before it, Plaintiff bases her claims on the following facts.

## A.    The Complaint

In her complaint, Plaintiff alleges that Rockwell Automation paid her substantially less than five white men in her department, even though three of them began their employment many years after she did.  (ECF No. 1, PageID #1; ECF No. 16, PageID #114.)  Further, she also alleges that she outperformed her male colleagues but they received larger merit raises and bonuses.  (ECF No. 1, PageID #1; ECF No. 16, PageID #114.)

Rockwell Automation employed Faith Townsend, an African-American woman, from 1996 to 2018.  (ECF No. 1, PageID #2; ECF No. 16, PageID #114.)  For ten years, she worked in the technical support call center, during which time she was promoted to senior engineer.  (ECF No. 1, PageID #2; ECF No. 16, PageID #114.)  Notwithstanding her promotion, she was informed that she would not receive an increase in salary.  (ECF No. 1, PageID #2; ECF No. 16, PageID #114.)  In 2005, Mrs. Townsend transferred to the afterhours weekend support group and became the team lead.  (ECF No. 1, PageID #2; ECF No. 16, PageID #114.)  Still, she did not receive a pay increase, though one was promised.  (ECF No. 1, PageID #2; ECF No. 16, PageID #114.)

After her promotion, Mrs. Townsend experienced racial harassment from her five white male colleagues, which reported on multiple occasions to the human resources department.  (ECF No. 1, PageID #2; ECF No. 16, PageID #114.)  She complains that she was subject to "[s]tories about hangings, nooses, guns, [and] watermelon[s]."  (ECF No. 1, PageID #2; ECF No. 16, PageID #114.)  Plaintiff alleges that, following the first report, she experienced adverse treatment in her job,

2

including a decrease in merit incentive pay, an increase in her workload, and deprivation of certain equipment needed for her position. (ECF No. 1, PageID #2; ECF No. 16, PageID #114.) Still, in 2010, 2011, and 2012, Mrs. Townsend received good job reviews, though her pay lagged that of her colleagues. (ECF No. 1, PageID #2; ECF No. 16, PageID #115.) When a new supervisor started, she made another report to the new supervisor. (ECF No. 1, PageID #2; ECF No. 16, PageID #115.)

On investigation, Plaintiff believed she was underpaid for overtime by about $700, but her supervisor disputed that she was owed for overtime. (ECF No. 1, PageID #2; ECF No. 16, PageID #116.) In 2013 and 2014, Plaintiff alleges that she experienced lower merit pay increases, which were lower as she stepped up her complaints. (ECF No. 1, PageID #2; ECF No. 16, PageID #116.)

In 2015, Plaintiff alleges that a new supervisor took over her group and replaced her as team lead with one of her underperforming and less qualified male colleagues. (ECF No. 1, PageID #2; ECF No. 16, PageID #116.) Further, she alleges that this new supervisor changed company policies to conceal the underperformance of her colleagues. (ECF No. 1, PageID #2–3; ECF No. 16, PageID #116.) According to the complaint, her supervisor dedicated her male colleagues to providing support for one specific product but required Mrs. Townsend to support as many as twenty varied products, which had a negative effect on her performance. (ECF No.1, PageID #3; ECF No. 16, PageID #116–17.) In 2017, her supervisor allegedly made a derogatory statement that black people "do not educate their children" in Plaintiff's presence. (ECF No.1, PageID #3; ECF No. 16, PageID #117.)

Later in 2017, Mrs. Townsend filed a complaint with the Equal Employment Opportunity Commission and received a right-to-sue letter.  (ECF No.1, PageID #3; ECF No. 16, PageID #117.)  The complaint acknowledges that Plaintiff did not file suit, due to Mrs. Townsend's mental state following the death of her son.  (ECF No.1, PageID #3; ECF No. 16, PageID #117.)

When Mrs. Townsend returned to work following her son's death, her difficult working conditions continued.  (ECF No.1, PageID #3; ECF No. 16, PageID #117.) She went to a corporate ombudsman, but did not receive an adequate response.  (ECF No.1, PageID #3; ECF No. 16, PageID #117.)  In February 2018, Mrs. Townsend was suspended after she emailed her entire department with complaints.  (ECF No.1, PageID #3; ECF No. 16, PageID #117.)  As a result, Mrs. Townsend alleges that she was under such great stress that she was hospitalized.  (ECF No.1, PageID #3; ECF No. 16, PageID #118.)  In retaliation, Rockwell Automation allegedly canceled her insurance while Mrs. Townsend was on medical leave.  (ECF No.1, PageID #3; ECF No. 16, PageID #118.)  In these circumstances, Mrs. Townsend resigned, though she alleges that Rockwell Automation reported that she had returned to work to interfere with her receipt of unemployment benefits.  (ECF No.1, PageID #3; ECF No. 16, PageID #118.)

Later in 2018, Plaintiff filed a lawsuit.  (ECF No.1, PageID #3; ECF No. 16, PageID #118.)  Information discovered in that lawsuit led Mrs. Townsend to believe that the racial discrimination of which she complains was perpetrated not only by her five white male colleagues but also by management.  (ECF No.1, PageID #4; ECF

No. 16, PageID #118.)   Plaintiff seeks $10 million in damages, plus $1 million in

punitive damages.  (ECF No.1, PageID #4; ECF No. 16, PageID #119.)

> **B.**      **Amendment**

Defendant moves to dismiss for failure to state a claim.  (ECF No. 3.)   In

response, Plaintiff timely moved to amend.   (ECF No. 7.)   In that amendment,

Plaintiff adds two claims under State law:  one for embezzlement, and one for breach

of contract.  (*Id.*, ECF No. 62.)  With respect to the former, Plaintiff alleges that

Rockwell automation intentionally withheld wages in breach of the merit base

performance contract.  (*Id.*)  As for the latter, Plaintiff alleges that discrimination in

violation of federal law breaches the employment agreement between the parties.

(*Id.*)  Additionally, she may assert this breach of contract claim under various federal

statutes, including 42 U.S.C. §§ 1658 and 1981.  (*Id.*, PageID #63.)

Because Plaintiff seeks to amend her complaint as a matter of course pursuant

to Rule 15(a)(1)(B) in response to Defendant's motion to dismiss, the Court **GRANTS**

that motion.  For that reason, the summary of the allegations in the complaint set

forth above contains parallel citations to the complaint and the amendment.  In the

interest of judicial economy and to conserve the resources of the parties, the Court

reads Defendant's motion to dismiss as applying with equal force to the amended

complaint.

## ANALYSIS

Rule 12(b)(6) provides that a court can dismiss a complaint if it fails to state a

claim upon which relief can be granted.  A Rule 12(b)(6) motion is "a test of the

plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's

factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 489–90 (6th Cir. 1990). When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

Although the pleadings and documents *pro se* litigants file are liberally construed and held to less stringent standards than the formal pleadings of lawyers, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). At this stage of the proceedings that means that even a *pro se* complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to avoid dismissal. *Iqbal*, 556 U.S. at 678.

## I.      Failure to Exhaust Administrative Remedies

Before filing suit under Title VII, a plaintiff must bring claims to the EEOC to provide the agency an opportunity to investigate and decide if it wants to pursue charges on behalf of the federal government. *See EEOC v. Frank's Nursery & Crafts,*

*Inc.*, 177 F.3d 448, 455–56 (6th Cir. 1999).  "[F]or 180 days after the filing of a charge, the EEOC retains 'exclusive' jurisdiction over the subject matter of that charge[,]" a period of time that is "crucial to the statutory scheme."  *Id*. at 456 (quoting *EEOC v. Hearst Corp.*, 103 F.3d 462, 466 (5th Cir. 1997)).

Under the law of this Circuit, the lack of a right to sue letter does not deprive a district court of jurisdiction, but instead constitutes a condition precedent to filing suit that is curable (by receiving a right-to-sue letter) or waivable (by the parties or the Court).  *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (noting it would be "unduly harsh . . . to deny Plaintiff his day in court as to his ADA claim" based on not having a right to sue letter at the time he filed the complaint); *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998) (holding a right to sue letter is a condition precedent, not a jurisdictional requirement).  However, district courts retain discretion to dismiss claims or actions without prejudice where a plaintiff fails to obtain a right-to-sue letter before filing.  *See Mitchell v. Chapman*, 343 F.3d 811, 820 n.10 (6th Cir. 2003); *accord Lott v. Kmart*, No. 2:13- cv-228, 2013 WL 3927617, at *2 (S.D. Ohio July 29, 2013) (dismissing without prejudice).

Here, the complaint makes clear that Plaintiff, though proceeding *pro se*, knows she must obtain a right-to-sue letter.  So far as the Court can tell, Plaintiff does not have one.  Defendant has not waived the requirement that Mrs. Townsend present the claims to the agency before filing suit.  Because obtaining a right-to-sue letter is a condition precedent to filing suit, and there is no record Plaintiff received one, the Court dismisses this action for failure to exhaust administrative remedies.

7

The Court need not decide whether that dismissal is with or without prejudice because of Defendant's argument for dismissal on the basis of res judicata.

## II.      Res Judicata

"Res judicata" is an overarching term encompassing both issue and claim preclusion.  *See Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 758 n.3 (6th Cir. 2003) (citing Charles Alan Wright, *The Law of Federal Courts* § 100A, at 722–23 (5th ed. 1994); Black's Law Dictionary 1312 (7th ed. 1999)).  Res judicata promotes "the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources."  *Stolmayer v. McCarthy*, 171 F. Supp. 3d 690, 694 (N.D. Ohio 2016).

Claim preclusion prevents "parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1954 (2020).  "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted in the prior proceeding.'"  *Id.* (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

To prevail on this defense, a party must demonstrate:  (1) a prior final valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privities, as the first; (3) a second action arising from claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the

8

previous action.  *Martin v. JBS Techs., LLC*, 443 F. Supp. 2d 962, 965 (S.D. Ohio 2006) (cleaned up).  Because res judicata constitutes a defense, Defendant bears "the burden of pleading and proving each element."  *Id.*

### II.A.  Prior Litigation Between These Parties

Plaintiff's complaint alleges that she filed a previous lawsuit in 2018.  *See also Townsend v. Rockwell Automation Inc.*, No. 1:18-cv-2742 (N.D. Ohio).  Although a court's analysis on a motion to dismiss is ordinarily limited to the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to or made part of the complaint may also be taken into account.  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).  Accordingly, the Court considers the record from the earlier lawsuit between the parties both because it is a matter of public record and because Plaintiff references it in her complaint.

In the earlier litigation, the amended complaint alleged that Mrs. Townsend's supervisor, who also named as a defendant there but is not here, ignored complaints of harassment by co-workers, failed to investigate misuse of company property by Plaintiff's co-workers and other violations of company policy, and treated her more unfavorably than her co-workers based on her race.  Further, the amended complaint in the first lawsuit claims that Plaintiff did not receive overtime pay, had her performance reviews negatively affected by incorrect statistics about call volumes, and was suspended for airing her grievances to all employees at her location.  *See generally Townsend*, No. 18-cv-2742, ECF No. 13 (Apr. 5, 2019).

In the earlier lawsuit, the court entered summary judgment in favor of the defendants.  That ruling came after the parties engaged in discovery.  First, the court

determined that various factual claims on which Plaintiff relied for her claims were time-barred because Plaintiff failed to file suit within 90 days of receiving a right-to-sue letter, leaving her to complain only of alleged discrimination occurring after November 17, 2017. Additionally, the court concluded that Plaintiff failed to carry her burden of establishing a Title VII claim or that she was subject to a hostile work environment, constructively discharged, or subject to unlawful retaliation. *See generally Townsend*, No. 18-cv-2742, ECF No. 66 (Jan. 8, 2020). On appeal, the Sixth Circuit affirmed. *Townsend v. Rockwell Automation, Inc.*, 852 F. App'x 1011, 1013–17 (6th Cir. 2021).

### II.B. Claim Preclusion

With the benefit of the prior lawsuit Mrs. Townsend brought in federal court against Rockwell Automation raising substantially similar claims based on many of the same material allegations, Defendant has an easy time carrying its burden of establishing that res judicata bars this suit. In the first suit between the parties, the Northern District of Ohio reached a decision on the merits on summary judgment, which was affirmed on appeal; the parties in this action are the same as in the first action; Plaintiff's discrimination claims were actually litigated in the first action; and this action arises out of and relates to the same transaction or occurrence at issue in the first suit.

Two other issues merit a brief mention, but need not detain the Court long. First, to the extent Plaintiff's amended complaint in this case alleges facts occurring after the first lawsuit, she might argue that preclusion doctrine does not bar this suit. Such an argument would fail. Res judicata bars not just any claim actually litigated,

but also any claim that could have been asserted in the first action. *See, e.g., Brown v. Felsen*, 442 U.S. 127, 131 (1979) (recognizing that preclusion doctrine encompasses that "were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding"). In her first suit and here, Plaintiff's claims arose from a set of facts culminating in her separation from employment with Rockwell Automation. For that reason, any cause of action Plaintiff might wish to assert could have—and should have—been raised in her first suit and is barred now.

Second, even if that were not the case, Plaintiff's new State-law causes of action—embezzlement and breach of contract—fail as a matter of law. In effect, her breach of contract claim restates Plaintiff's Title VII cause of action, perhaps in an effort to avoid the procedural bar of preclusion doctrine. As for embezzlement, Plaintiff attempts to state a claim under Ohio's criminal statute proscribing embezzlement. Enforcement of that statute rests with a county prosecutor, not Plaintiff. To the extent her allegations, liberally construed, state a civil claim for criminal conduct under Section 2307.60 of the Ohio Revised Code, a one-year statute of limitations applies, barring any such claim here.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to amend (ECF No. 7) and Defendant's motion to dismiss (ECF No. 3). Further, the Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

11

Dated:  February 22, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio