# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FAITH TOWNSEND, ) | Case No. 1:21-cv-02226 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge Thomas M. Parker |
| ) | |
| ROCKWELL AUTOMATION, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

In 2021, *pro se* Plaintiff Faith Townsend filed a complaint against Defendant Rockwell Automation, Inc., alleging discrimination based on sex and race in violation of Title VII of the Civil Rights Act of 1964.  In its Opinion and Order dated February 22, 2022, the Court dismissed Plaintiff's claims for two reasons.  First, the Court found that Ms. Rockwell failed to exhaust her administrative remedies.  Second, she previously sued Defendant in 2018 bringing similar claims.  In that earlier case, the court granted summary judgment against her after the parties engaged in discovery.  *See Townsend v. Rockwell Automation Inc.*, No. 1:18-cv-2742 (N.D. Ohio).  For this reason, the Court determined that the doctrine of res judicata barred this second lawsuit.

On appeal, the Sixth Circuit affirmed.  It agreed that the Court "properly concluded that the claim preclusion barred Townsend's current claims." *Townsend v. Rockwell Automation Inc.*, No. 22-3244, slip op. at 4 (6th Cir. Oct. 25, 2022).  The

Sixth Circuit denied rehearing *en banc* and issued its mandate on January 13, 2023. The Supreme Court declined review on November 13, 2023.

Less than a month later, on December 11, 2023, Ms. Townsend moved to vacate the judgment on the basis of fraud under Rule 60(b)(3) and Rule "59(2)." The next day, she moved to correct the motion by changing the caption on her motion *numc pro tunc*. For good cause shown, the Court **GRANTS** that motion. (ECF No. 29.)

As for her motion to set aside the judgment on the basis of fraud, Rule 59 does not provide a proper basis for the motion. If Plaintiff intends to make the motion under Rule 59*(a)*(2), that Rule applies after a bench trial, and the Court dismissed this second lawsuit without a trial. If Plaintiff moves to alter or amend the judgment under Rule 59(e), it is untimely. A motion under Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Plaintiff's motion comes some 18 months after the entry of judgment in this Court and more than 28 days after the Sixth Circuit's judgment. Plainly, it comes too late.

That leaves Rule 60(b)(3). A motion under Rule 60(b) "must be made within a reasonable time" and, for present purposes, "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The judgment to which the Rule refers is the judgment of the district court, *not* the date the court of appeals issues its opinion or mandate. *See Simon v. Navon*, 116 F.3d 1, 3 (1st Cir. 1997) (citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2866, at 390–91 (2d ed. 1995)). Here, the Sixth Circuit did not effect a substantive change in the Court's judgment. Indeed, the Sixth Circuit affirmed dismissal on the basis of res judicata—

a ground the Court specifically addressed in its Opinion and Order. Accordingly, Plaintiff had no more than a year after February 22, 2022 in which to seek to set aside the judgment on the basis of fraud. Her motion is untimely.

In any event, the Court has reviewed Ms. Townsend's motion and the grounds for it. None has merit. She does little more than reargue issues she previously raised and lost in earlier litigation. Nor does this matter present an extraordinary case warranting reconsideration.

For all these reasons, the Court **GRANTS** Plaintiff's motion to correct her motion (ECF No. 29) and **DENIES** her motion to vacate the judgment (ECF No. 28).

**SO ORDERED.**

Dated: December 27, 2023

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio